Kelly, J.
(dissenting). I disagree with the majority’s conclusion that reciprocity agreements are not relevant in determining the registration fees that Michigan charged under the 1991 Intermodal Surface Transportation Efficiency Act (istea), 49 USC 11506.[1] One such agreement waived registration fees for vehicles licensed in Illinois, including plaintiff’s vehicles, so that no fee was collected or charged within the meaning of the statute. Consequently, I would affirm the decisions of the Court of Appeals and the Court of Claims.
The istea replaced the bingo card system of registering interstate motor carriers with a single state registration system. Nat'l Ass’n of Regulatory Utility Comm’rs v Interstate Commerce Comm, 309 US App DC 325, 328; 41 F3d 721 (1994). Under the istea system, a state can charge a fee “that is equal to the fee, not to exceed $10 per vehicle, that such State collected or charged as of November 15, 1991.” 49 USC 11506(c)(2)(B)(iv)(III). The question in this case is *34 what effect reciprocity agreements have on determining the fee that Michigan can charge under the single state registration system.
As an initial point, I disagree with the majority’s conclusion that the meaning of the language in the statute is plain, reasonably susceptible of only one interpretation. Rather, I find it ambiguous. A statute is ambiguous when reasonable minds could differ as to its meaning. In re MCI Telecommunications Complaint, 460 Mich 396, 411; 596 NW2d 164 (1999). That the istea is ambiguous as regards the reciprocity agreements is demonstrated by the several interpretations of its wording advanced by the parties and by justices on this Court. The language of the statute supports both positions, allowing for opposing and similarly plausible constructions. Despite careful attention and analysis, reasonable minds can and do differ with respect to the statute’s meaning concerning reciprocity agreements.
Alternatively, if the statute’s language were plain, the meaning of the words “collected or charged” must lead to a result opposite that reached by the majority. The majority concludes that Michigan was entitled to charge plaintiff a registration fee, but the majority’s interpretation of the ISTEA depends on addition to the statute of words not present there. Whether the state of Michigan could have collected or charged a “generic” per vehicle fee is not pertinent. The statute specifies “fees . . . collected or charged as of November 15, 1991.” It does not say “fees that the state could have collected or charged.”
WTiile the istea does not expressly make reference to reciprocity agreements, the fee system in place on November 15, 1991, does. MCL 478.7(4) provides:
*35 The annual fee levied on each interstate or foreign motor carrier vehicle operated in this state and licensed in another state or province of Canada shall be $10.00. The commission may enter into a reciprocal agreement with a state or province of Canada that does not charge vehicles licensed in this state economic regulatory fees or taxes and may waive the fee required under this subsection.
A plain reading of this provision leads to the conclusion that reciprocity agreements are an inherent part of the state’s registration fee system. The generic fee levied under the statute is not absolute, but subject to reciprocity agreements that waive the fee. Thus, the fee charged as of November 15, 1991, was $10.00, unless a reciprocity agreement pertained. Voluntary agreements to waive the fee are relevant in determining the per vehicle fee system in place on November 15, 1991, as well as the fee collected or charged pursuant to that system.
The parties do not dispute that Michigan had a reciprocity agreement with Illinois that, by its terms, waived Michigan registration fees for interstate motor carriers licensed in Illinois. Pursuant to the agreement, the state did not charge registration fees for plaintiff’s vehicles in 1990 and in 1991. It was not until Michigan revised its reciprocity system in 1991 that it charged plaintiff a registration fee.
This change in the reciprocity system did not become effective until the 1992 registration year. Plaintiff was not charged a registration fee in Michigan, nor was one collected from it in Michigan for the 1991 registration year. The fact that the state had a right to or could have charged a “generic” registration fee does not change the fact: it did not charge plaintiff a fee until the 1992 registration year.
*36 The majority’s characterization of the language of the statute as “plain” is belied by the fact that the majority is obliged to construe the phrase “collected or charged” to reach its result. Only a strained reading of “collected or charged” leads to the conclusion that the state charged a fee when it did not do so. That the statute does not expressly mention reciprocity agreements does not change the fact that reciprocity agreements were an inherent part of the fee system in place on November 15, 1991. In this case, the reciprocity agreement with Illinois in effect during the 1991 registration year caused Michigan to waive the fees it might have imposed under MCL 478.7. As a consequence, no fees had been “collected or charged as of November 15, 1991.”
The Court should give deference, as did the District of Columbia Circuit Court of Appeals,[2] to the Interstate Commerce Commission’s construction of the language in question, because it is based on a permissible construction of the istea. Chevron, USA, Inc v Natural Resources Defense Council, Inc, 467 US 837, 842-844; 104 S Ct 2778; 81 L Ed 2d 694 (1984). It should affirm the decisions of the Court of Appeals and the Court of Claims in favor of plaintiff.

 The istea now appears at 49 USC 14504.

 Nat’l Ass’n of Regulatory Utility Comm’rs, supra.